# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SAVERGLASS, INC.,** | Civ. No. 2:13-cv-3861 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **CAPITAL BRANDS, LLC,** | |
| Defendant. | |

Plaintiff Saverglass Inc. ("Saverglass") moves without opposition pursuant to Federal Rule of Civil Procedure 55(b)(2) for a default judgment enjoining Defendant Capital Brands LLC ("Capital Brands") from infringing United States Patents D602,368 ("the '368 Patent") and D606,409 ("the '409 Patent"). For the reasons stated below, the Court will **GRANT** Plaintiff's motion for default judgment.

Plaintiff commenced this action on June 21, 2013, seeking damages and injunctive relief for patent infringement and unfair competition. ECF No. 1. On July 25, 2013, Plaintiff filed an Amended Complaint, ECF No. 10. The Amended Complaint alleges that Plaintiff was issued the '368 Patent on October 20, 2009, and that Plaintiff was issued the '409 Patent on December 22, 2009. Am. Compl. ¶¶ 8-9. The patents protect a design for a bottle that Saverglass refers to as the "Little Sumo" bottle. *Id.* ¶ 10. The Amended Complaint further alleges that Defendants are selling a "Capital Brands' Forbidden Secret American Cream Liqueur" and other products that infringe both the '368 Patent and the '409 Patent. *Id.* ¶¶ 16, 22. The Amended Complaint also alleges that Defendant acted in bad faith. *Id.* ¶ 28.

Plaintiff served Defendant with the Amended Complaint on July 26, 2013. ECF No. 12. Defendant did not answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendant on November 22, 2013. ECF No. 13. Thereafter, Plaintiff filed the instant motion for default judgment. ECF No. 14. Plaintiff served Defendant with the instant motion on November 22, 2013. ECF No. 14-8.

The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See, e.g., Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has

1

been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Amended Complaint merit entry of a default judgment. The Amended Complaint alleges that Plaintiff holds the rights to the '368 Patent and the '409 Patent. Am. Compl. ¶ 11. The Amended Complaint further alleges that Defendant is, in bad faith, importing, using, offering for sale, and/or selling bottles that infringe the '368 Patent and the '409 Patent. *Id.* ¶ 13. In sum, the factual allegations of the Complaint, taken as true, are sufficient to establish that Defendant is liable to Plaintiff for patent infringement and unfair competition.

The Court finds that there is no basis for Defendant to claim a meritorious defense. Also, it is clear that Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has been unable to move forward with the case and has been delayed in receiving the requested relief, including an injunction to prevent further infringement. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The law allows courts to issue permanent injunctions to protect patent rights. 35 U.S.C. § 283. In this case, the Court finds that a permanent injunction is appropriate. A plaintiff seeking a permanent injunction must demonstrate the following: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Here, Defendant is infringing Plaintiff's intellectual property. Any damage associated with loss of goodwill will be difficult to quantify. Defendant makes no showing that the balance of hardships tips in its favor. And protecting intellectual property is presumptively within the public interest.

Finally, Plaintiff requests a Court order requiring Defendant to destroy the infringing articles owned by Defendant or under the control of Defendant. Plaintiff argues that an order of destruction is necessary (a) because the infringing articles cannot be transformed to non-infringing articles, and (b) because Defendant could sell infringing articles in its alleged impending bankruptcy proceeding. Confronted with a similar situation in a default judgment case, the court in *U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc.*, No. 12-8753, 2013 WL 53637777, at *6 (S.D.N.Y. Sept. 26, 2013), held that an order of destruction was necessary to ensure compliance with an injunction. As in *Ray's*, this Court finds that Defendant's failure to participate in this litigation suggests an order of destruction is necessary to protect

Plaintiff's intellectual property.  Though Plaintiff requests that the Court's order require Defendant to certify that the infringing articles have been destroyed, the Court finds that such certification is unnecessary.

      For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Court will **ENJOIN** Defendant from further infringing the '368 Patent and the '409 Patent.  The Court will **ORDER** Defendant to destroy the infringing articles that it owns or has under its control.   An appropriate order follows.

                                                          /s/ William J. Martini
                                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2013**